# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| FAHIM ABEDRABBO, *et al.*, |
| *Plaintiffs*, |
| v. |
| TOPPS MEAT COMPANY, LLC, |
| *Defendant*. |

Civil Action No. 09-01838 (CKK)

## MEMORANDUM OPINION
(December 21, 2010)

Plaintiffs commenced this action against Defendant Topps Meat Company, LLC ("Defendant") on September 24, 2009, bringing eight causes of action in connection with the personal injuries they allegedly suffered after consuming *Escherichia coli*-contaminated ground beef distributed by Defendant. Plaintiffs assert a single cause of action under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (the "Magnuson-Moss Act" or, simply, the "Act"), 15 U.S.C. §§ 2301 *et seq.*, as well as seven state-law statutory and common law claims. Presently before the Court is Defendant's [15] Motion for Summary Judgment for Lack of Subject Matter Jurisdiction. For the reasons set forth below, the Court concludes that it is without subject matter jurisdiction to hear Plaintiffs' claims and shall therefore GRANT Defendant's motion and DISMISS WITHOUT PREJUDICE this action in its entirety.

## I. PRELIMINARY MATTERS

Before proceeding, the Court pauses to make an overarching observation about the nature of Plaintiffs' opposition to the present motion. Although the motion now before the Court is contested, Plaintiffs have failed to rebut or otherwise dispute the factual showing made by

Defendant in support of its Motion for Summary Judgment. Here, the Court notes that the District Court for the District of Columbia has supplemented Rule 56 of the Federal Rules of Civil Procedure with Local Rule LCvR 7(h)(1), which requires that each party submitting a motion for summary judgment attach a statement of material facts to which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement. Where the opposing party fails to submit a statement enumerating all material facts which the party contends are in dispute, the district court may take all facts identified by the movant as admitted. *See* Local Rule LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts are admitted, unless such fact is controverted in the statement of genuine issues filed in opposition to the motion."); *see also Arrington v. United States*, 473 F.3d 329, 335 (D.C. Cir. 2006). In this case, the parties were informed that this Court strictly adheres to the dictates of this rule. *See* Scheduling and Procedures Order (Apr. 19, 2010), Docket No. [14], at 3-4. Nevertheless, whereas Defendant filed a statement in conformance with the rule, Plaintiffs elected not to file a statement in opposition. Accordingly, the Court shall treat all facts identified in Defendant's Statement of Undisputed Facts as admitted.

## II. BACKGROUND

This action concerns allegations that Plaintiffs suffered personal injuries arising from the consumption of ground beef products allegedly containing *Escherichia coli* ("*E. coli*") O157:H7. *See generally* Compl., Docket No. [1]. Plaintiffs—a group of twelve individuals—claim to have purchased and consumed varying amounts of ground beef distributed by Defendant in the summer and fall of 2007. *Id.* ¶¶ 11-12, 14-15, 17-18, 20-22, 24-25, 27-28, 30-31. The packaging

accompanying Defendant's products allegedly contained language along the lines of "Topps 100% Premium Hamburger" or "Topps 100% Pure Ground Beef Hamburgers." *Id.* ¶ 37. After consuming Defendant's products, Plaintiffs allegedly exhibited symptoms consistent with *E. coli* exposure, including abdominal cramps, bloody diarrhea, and fatigue. *Id.* ¶¶ 13, 16, 18, 20, 23, 26, 29, 32. Some sought medical attention in connection with their symptoms. *Id.* On September 25, 2007, the Food and Safety Inspection Service for the U.S. Department of Agriculture announced that Defendant had recalled approximately 331,582 pounds of ground beef. *Id.* ¶ 33. On September 29, 2007, Defendant announced that it was expanding its recall to include 21.7 million pounds of ground beef. *Id.* ¶ 35.

Plaintiffs assert one cause of action under the Magnuson-Moss Act, 15 U.S.C. §§ 2301 *et seq*. Compl. ¶¶ 43-48. Specifically, Plaintiffs allege that Defendant "breached expressed [sic] and implied warranties as the E. coli was not disclosed that was in the [p]roduct purchased by Plaintiffs." *Id.* ¶ 46. As a result, Plaintiffs allegedly "suffer[ed] extreme pain and suffering, and requir[ed] medical attention." *Id.* ¶ 48. Additionally, Plaintiffs assert seven state-law statutory and common law claims, including causes of action for negligence, strict liability, breach of contract, and loss of consortium. *Id.* ¶¶ 49-78. In connection with all eight claims, Plaintiffs seek reimbursement for the products they purchased, compensatory damages for "pain and suffering," and attorneys' fees and costs. *Id.* at 17.

On May 3, 2010, Defendant filed the present Motion for Summary Judgment for Lack of Subject Matter Jurisdiction. *See* Def.'s Mem. of P. & A. in Supp. of its Mot. for Summ. J. for Lack of Subject Matter Jurisdiction ("Def.'s Mem."), Docket No. [15-2]. Plaintiffs filed an opposition on June 18, 2010. *See* Pls.' Mem. of P. & A. in Supp. of their Opp'n to Def.'s Mot.

for Summ. J. ("Pls.' Opp'n"), Docket No. [19]. Defendant elected not to file a reply. *See* Def.'s Notice Regarding Reply to Opp'n to Def.'s Mot. for Summ. J., Docket No. [20]. Accordingly, the matter is now fully briefed and ripe for adjudication.

### III. LEGAL STANDARD

A plaintiff bears the burden of establishing that a federal court has subject matter jurisdiction. *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007). Federal courts are courts of limited jurisdiction, with the ability to hear only those cases entrusted to them by the Constitution or an act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In a suit between private litigants, a plaintiff generally demonstrates the existence of subject matter jurisdiction by establishing federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Where the district court's jurisdiction is dependent solely on the diversity of citizenship between the parties, there must be "complete diversity," meaning that no plaintiff may have the same citizenship as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

### IV. DISCUSSION

Although Plaintiffs never identify the grounds for this Court's jurisdiction with model clarity, *see* Compl. ¶¶ 1-2, the Court concludes that neither federal question nor diversity jurisdiction obtain in the circumstances of this case. The Court addresses each ground for jurisdiction in turn.

> A. *The Court Does Not Have Federal Question Jurisdiction Based On Plaintiffs' Claim Under The Magnuson-Moss Act*

The Magnuson-Moss Act "was promulgated to increase consumer rights and protections

by imposing minimum standards for manufacturers' warranties and by providing various avenues for consumer redress." *Walsh v. Ford Motor Co.*, 627 F. Supp. 1519, 1522 (D.D.C. 1986). The Act confers upon consumers a private cause of action for (a) violations of the substantive provisions of the Act, and (b) breaches of a written or implied warranty. 15 U.S.C. § 2310(d)(1). Provided certain jurisdictional prerequisites are met, the statute permits the action to be brought in federal court. *Id.* at § 2310(d)(1)(B).

        1.      <u>Plaintiffs' Personal Injury Claims Are Not Cognizable Under The Magnuson-Moss Act</u>

Generally speaking, personal injury claims are not cognizable under the Magnuson-Moss Act. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1038 (9th Cir. 2004) ("Congress intended the Magnuson-Moss Warranty Act to create personal injury liability only under very limited circumstances."); *accord Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1065-66 (5th Cir. 1984). This limitation is derived from the statute itself, which provides:

> Nothing in this chapter (other than sections 2308 and 2304(a)(2) and (4) of this title) shall (A) affect the liability of, or impose liability on, any person for personal injury, or (B) supersede any provision of State law regarding consequential damages for injury to the person or other injury.

15 U.S.C. § 2311(b)(2). Nevertheless, by its terms, the statute carves out three exceptions to the general prohibition against personal injury claims—*i.e.*, claims asserted under Section 2308, claims asserted under Section 2304(a)(2), and claims asserted under Section 2304(a)(4).[1] *Id.* In opposing the present motion, Plaintiffs first attempt to situate their Magnuson-Moss Act claim

---

[1] Courts are generally in agreement that the inclusion of Section 2304(a)(4) in this list was the result of an error in draftsmanship, and that the provision should actually be read to refer to sub-section (a)(3). *See, e.g., Kelly*, 377 F.3d at 1038. Because Plaintiffs do not invoke either provision, the Court need not, and does not, address the validity of this interpretation here.

5

within the first of these exceptions—*i.e.* claims asserted under Section 2308. Those efforts are misguided.

Section 2308(a) of the Act provides as follows:

> No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

15 U.S.C. § 2308(a). Plaintiffs baldly assert that "by asking for dismissal [Defendant] is disclaiming the implied warranty of fitness for a particular purpose after giving a written warranty on the product stating, 'Topps 100% Pure Ground Beef Hamburgers.'" Pls.' Opp'n at 2. For at least two reasons, Plaintiffs' argument is totally lacking in merit.

First, Plaintiffs' argument fails at the outset for the simple reason that no such cause of action appears in their Complaint; rather, Plaintiffs' claim under the Magnuson-Moss Act is clearly confined to the contention that Defendant failed to "disclose[] that [*E. coli*] was in the [p]roduct purchased by Plaintiffs." Compl. ¶ 46. Despite the passage of over seven months since Defendant first filed its Motion for Summary Judgment, Plaintiffs have never sought to amend their Complaint to add a cause of action for a violation of the Magnuson-Moss Act based upon Defendant's attempts to secure dismissal of the present lawsuit.

Second, Plaintiffs' failure to do so is unsurprising, as the Court doubts that such a claim could survive the strictures of Fed. R. Civ. P. 11. Plaintiffs cite to no legal authority, and the Court is aware of none, suggesting that a party would run afoul of the statutory prohibition against "disclaim[ing] or modify[ing]" an implied warranty merely by raising *bona fide* questions

as to the presence of subject matter jurisdiction in the federal courts. 15 U.S.C. § 2308(a). Likewise, Plaintiffs point to no authority that would provide a plausible basis for averring that the "implied warranty of fitness for a particular purpose" somehow incorporates guarantees against dismissal in hypothetical future litigation. Pls.' Opp'n at 2. As Plaintiffs are no doubt aware, such a warranty may sometimes be implied when a buyer relies upon the seller to select goods to meet a specific request or a particular need. *See, e.g.*, *Kelley v. Eli Lilly & Co.*, 517 F. Supp. 2d 99, 110-11 (D.D.C. 2007) (applying Massachusetts law). To put it generously, it strains credulity for Plaintiffs to suggest that the "particular purpose" for which they purchased Defendant's ground beef products included bringing some future suit based upon the alleged (and as of then unknown) defects in those products.

Perplexingly, in opposing the present motion, Plaintiffs also rely upon Section 2304(a)(1). Pls.' Opp'n at 2. That provision requires warrantors to provide certain remedies within a reasonable time—namely, repair, replacement, or refund—in the event a consumer product is defective, malfunctions, or fails to conform to a written warranty. 15 U.S.C. § 2304(a)(1). Here, Plaintiffs appear to suggest that Defendant's ground beef failed to conform to the guarantee that they were "Topps 100% Pure Ground Beef Hamburgers," and that Plaintiffs were therefore entitled to the designated statutory remedies. Pls.' Opp'n at 2. Plaintiffs go on to argue that whether Defendant "took action within a reasonable time is a question of fact for the fact finder and without discovery, is premature and as a matter of fact or law inappropriate." *Id.* Whatever its merits, Plaintiffs' argument is a complete *non sequitor*. Because claims falling under Section 2304(a)(1) are subject to the Act's general prohibition against personal injury claims, *see* 15 U.S.C. § 2311(b)(2), Plaintiffs' reliance on the provision to avoid dismissal is

7

misplaced. Significantly, as set forth in the Complaint, Plaintiffs' Magnuson-Moss Act claim is plainly one seeking recompense for personal injuries, *see* Compl. ¶¶ 43-48; as such, Plaintiffs attempts to re-characterize their claim as a pure breach of written warranty claim are, at best, disingenuous. Therefore, the statutory bar to personal injury claims remains in full force and effect. In any event, as set forth immediately below, even crediting Plaintiffs' *post hoc* characterization, this Court would nevertheless lack subject matter jurisdiction over Plaintiffs' Magnuson-Moss Act claim.

2. Plaintiffs Have Also Failed To Meet The Jurisdictional Minimum Required To Support A Claim Under The Magnuson-Moss Act

Although the private cause of action under the Magnuson-Moss Act is a federal right, the statute is designed to ensure that most private actions are brought in state court. In order to invoke the jurisdiction of the federal courts, a plaintiff must meet certain threshold jurisdictional requirements intended to weed out "trivial or insignificant actions." *Walsh*, 627 F. Supp. at 1522. Most notably for our purposes here, no claim under the Act shall be cognizable in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B). Despite the loose reference to "all claims to be determined in [the] suit," *id.*, properly read, the statute only permits the district court to aggregate the value of all claims *asserted under the Magnuson-Moss Act* in determining whether the jurisdictional minimum has been met. Accordingly, damages flowing from any pendent state law claim asserted by the plaintiff are excluded. *Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) (per curiam); *see also Kelly*, 377 F.3d at 1038-40. Similarly excluded are any claims for personal injury damages that are not recoverable under the Magnuson-Moss Act itself. *Kelly*, 377 F.3d at

1039. To justify dismissal, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

Plaintiffs' allegations concerning their Magnuson-Moss Act claim are sufficiently vague and ambiguous as to prevent the Court from evaluating the extent of the damages sought with respect to that claim in particular. Compl. ¶¶ 43-48. Nevertheless, even taking into account the totality of the damages Plaintiffs seek through this action, it is clear, to a legal certainty, that the $50,000 jurisdictional minimum has not been met. With respect to all eight claims, the damages sought by Plaintiff may be grouped into three categories:

> (1) Compensatory damages "in the amount equal to all dollars paid by Plaintiffs for the purchase of the contaminated [products] distributed by Defendant;"
>
> (2) Compensatory damages for "pain and suffering" in an amount exceeding $75,000 for each individual plaintiff; and
>
> (3) Attorneys' fees and costs.

*Id.* at 17. The third category—attorneys' fees and costs—are expressly excluded from the calculation by the statutory text. 15 U.S.C. § 2310(d)(3)(B). The second category—damages for "pain and suffering"—are not cognizable under the Magnuson-Moss Act under the circumstances presented in this case and therefore may not be counted towards the jurisdictional minimum. *See supra* Part IV.A.1. This leaves only the first category—reimbursement for the amount Plaintiffs paid for the products. However, it is clear from the face of the Complaint that the amounts of ground beef purchased by Plaintiffs were small, with references to "2 pounds" to "2 boxes." *See, e.g.*, Compl. ¶¶ 11, 14, 17. There is no doubt that the aggregated amount of these purchases falls considerably short of the $50,000 jurisdictional minimum. Therefore, even assuming, *arguendo*,

that Plaintiffs have asserted a claim under the Magnuson-Moss Act that is not predicated upon liability for personal injuries, absent an independent ground for jurisdiction, such a claim must nevertheless be dismissed for want of subject matter jurisdiction.

> B. The Court Does Not Have Jurisdiction Based On The Diversity Of Citizenship Between The Parties

Plaintiffs do not dispute that there is an absence of "complete diversity" between the parties. *See generally* Pls.' Opp'n at 2-3. Nor could they. Defendant is a New York limited liability company comprised of eight members. Def.'s Stmt. ¶¶ 16-17. *See Hoch v. Eli Lilly & Co.*, __ F. Supp. 2d __, 2010 WL 3564279, at *1 (D.D.C. Sept. 10, 2010) ("a limited-liability company's citizenship is determined by the citizenship of its members."). Two of those members—Anthony D'Urso and David Cohen—are citizens of New Jersey. Def.'s Stmt. ¶ 18. Two members—Topps Holdings, Inc. and TM Cyclorama, LLC— are citizens of New York. *Id.* ¶¶ 19, 22. Meanwhile, five of the twelve Plaintiffs in this action—Fahim Abedrabbo, Regina Jackson, Theodore Little, Shamsiddin Little, and Saleem Little—are citizens of New Jersey. Compl. ¶¶ 3, 8-9; Def.'s Stmt. ¶¶ 4, 12-15. Two more—Maureen Boyle and Frank Ingram—are citizens of New York. Compl. ¶¶ 6-7; Def.'s Stmt. ¶¶ 10-11. In light of the shared citizenship of the parties, this Court's jurisdiction cannot rest upon 28 U.S.C. § 1332 and, there being no other grounds for exercising jurisdiction, the Complaint must be dismissed for want of subject matter jurisdiction. *Kroger*, 437 U.S. at 373-74.

Plaintiffs suggest, in passing and without any meaningful explanation, that they could cure these jurisdictional defects by dismissing the non-diverse Plaintiffs from this action. Pls.' Opp'n at 3. There are at least two problems with this suggestion. First, Plaintiffs' claimed ability to remedy the jurisdictional problems with their Complaint is entirely conclusory and non-

specific, rendering it impossible for the Court to determine whether any subset of the twelve Plaintiffs would otherwise meet the requirements of diversity jurisdiction. For example, Plaintiffs have never identified which, if any, of the eight claims, or what subset of the claimed damages, are associated exclusively with the non-diverse Plaintiffs. Second, Plaintiffs have offered no rejoinder to Defendant's argument that, even if the non-diverse Plaintiffs are dismissed from this action, the remaining Plaintiffs would have no connection to the District of Columbia, making this District an improper venue for their claims. Def.'s Mem. at 12; *see also* Pls.' Opp'n at 3. Given the absence of a response, the Court shall treat the argument as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (where party fails to respond to arguments in opposition papers, the court may treat them as conceded) (citing *Fed. Deposit Ins. Co. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997)). In light of these two considerations, there is no indication that jurisdiction would obtain, or venue in this District would be proper, even if the non-diverse Plaintiffs were dismissed from this action.

More to the point, Defendant raised these precise jurisdictional issues as early as April 16, 2010. *See* Def.'s Stmt. of the Case, Docket No. [12]. In the intervening eight months, despite the patent jurisdictional defects outlined above, Plaintiffs never made an effort to cure those defects—either by filing a notice of voluntary dismissal of the claims asserted by the non-diverse Plaintiffs or by filing a conditional motion for leave to amend the Complaint. Plaintiffs' neglect is fatal, and the Court declines Plaintiffs' invitation to salvage their claims where Plaintiffs themselves have failed to take affirmative steps to do so.

## V. CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendant's [15] Motion for

Summary Judgment for Lack of Subject Matter Jurisdiction; this action shall be DISMISSED WITHOUT PREJUDICE in its entirety for want of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: December 21, 2010

                                                /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge